CLIFTON, Circuit Judge,
concurring:
I concur in the judgment and join all but one small part of the majority opinion, in which the opinion declares that “in deciding whether a law is neutral and generally applicable under the Free Exercise Clause, we do not consider the legislative history of the law.” Majority op. at 982.
The majority opinion bases this conclusion on its observation that in Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah, 508 U.S. 520, 113 S.Ct. 2217, 124 L.Ed.2d 472 (1993), a majority of the Court did not join the portion of Justice Kennedy’s opinion that considered legislative history. But neither did a majority of the Court declare in Lukumi that legislative history should not be considered. As the majority opinion correctly notes, at 982 n. 13: “We may discern with certainty only that Chief Justice Rehnquist and Justices Scalia and Thomas did not” sanction the use of legislative history. The view of those three justices is not a holding of the Court.
The majority opinion does not offer any other basis for excluding legislative history, as a category, as material that may be considered in evaluating the neutrality of a regulation. Legislative history is too well established as a legal resource for us to declare it off limits — and to reject the district court’s reliance on it in this case — • without a better explanation. When the issue is whether a given statute or regulation is neutral and of general applicability, it is not illogical to consider the historical background of how the provision in question came to be adopted.
Even considering the legislative history of the regulation at issue in this case, however, I am satisfied that the regulation is neutral and of general application. I thus join in the conclusion that the rules challenged here should be subject to rational basis review, as well as in the other portions of the majority opinion.